JOSEPH CIK
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 3447
Great Falls, MT 59403
119 First Ave. North, #300
Great Falls, MT 59401
Phone: (406) 761-7715
FAX: (406) 453-9973
Email: Joseph.Cik@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA



FILED
FEB 23 2016
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| UNITED STATES OF AMERICA, | MJ 15-70-M-JCL |
|---|---|
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| SHALAKO JAMES KATZER, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Joseph Cik, Assistant United States Attorney for the District of Montana, and the defendant, Shalako James Katzer, and his attorney, have agreed upon the following:

1

AUSA  DEF  ATTY  Date  2-1-16

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2. **Charges:** The defendant agrees to plead guilty to Count I of the Information. Count I charges the crime of Unlawful Taking of a Threatened Species, in violation of 16 U.S.C. §§ 1538(a)(1)(G) and 1540(b)(l) and 50 C.F.R. § 17.40(b)(I)(i)(A). The offense charged in Count I carries a maximum punishment of six months imprisonment, a $25,000 fine, and a $10 special assessment.

3. **Nature of the Agreement:** The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by:

- Rule 11(c)(1) (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, there will not be an automatic right to withdraw the plea, even if the Court does not accept or follow the recommendations made by the United States.

4. **Admission of Guilt:** The defendant will plead guilty because the defendant is in fact guilty of violating Count I of the Information. In pleading guilty to Count I, the defendant acknowledges that:

First, the defendant knowingly killed a bear, which he believed to be a grizzly bear;

2

| IAM | JJK | EH | 2-1-16 |
|---|---|---|---|
| AUSA | DEF | ATTY | Date |

**Second**, the bear was a grizzly bear; and

**Third**, the defendant had no permit from the United States Fish & Wildlife Service to kill a grizzly bear;

5. **Waiver of Rights by Plea:**

(a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives under oath during plea colloquy.

(b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The defendant has the right to trial before the judge who would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(d) At a trial, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on the defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

(e) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from

3

AUSA    DEF    ATTY    Date

refusal to testify. Or the defendant could exercise the choice to testify on his or her own behalf.

(f) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the U.S. District Court for the District of Montana and, if the judgment of the Magistrate Court is affirmed, to the Ninth Circuit Court of Appeals -within 14 days of the judgment of the District Court -for review to determine if any errors were made that would entitle the defendant to reversal of the conviction. Rule 58(g), *Federal Rules of Criminal Procedure.*

The defendant understands that by pleading guilty pursuant to this agreement, he is waiving all the rights set forth in this paragraph. The defendant's attorney has explained these rights and the consequences of waiving these rights.

6. **Recommendations:** The United States will recommend the defendant be sentenced to one year of unsupervised probation on the condition that the defendant timely pay the restitution. The defendant must pay a special assessment of $10.00. The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by this recommendation.

7. **Restitution:** The defendant acknowledges and agrees to be responsible for complete restitution. *See* 18 U.S.C. § 3663. The defendant therefore agrees to pay restitution in the amount of $10,000.

4

| AUSA | DEF | ATTY | Date |
|------|-----|------|------|
| *[signature]* | *[signature]* | *[signature]* | 2-1-16 |

8. **Voluntary Plea:** The defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

9. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. **This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.**

//
//
//
//
//
//

| AUSA | DEF | ATTY | Date |
|---|---|---|---|
| [signature] | [signature] | [signature] | 2-1-16 |

MICHAEL W. COTTER
United States Attorney

/s/ Joseph Cik for
JOSEPH CIK
Assistant U. S. Attorney


SHALAKO KATZER
Defendant


ERIC HENKEL
Defense Counsel

6  _JMC_  _SK_  _EH_  _2-1-16_
AUSA  DEF  ATTY  Date